FILED
2011 JAN 25 A 9: 56
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

STEVEN AMES BROWN
Entertainment Law 83363
69 Grand View Avenue
San Francisco, California 94114-2741
415/647-7700 Tele
415/285-3048 Fax
sabrown@entertainmentlaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

E-filing

| | |
|---|---|
| JAZZ CASUAL PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TOBY BYRON, EAST STINSON, INC, *dba* TOBY BYRON MULTIPRISES, INC., EURO ARTS MUSIC INTERNATIONAL GmbH, NAXOS OF AMERICA, INC., <br><br> Defendants. | Civil No. CV11 0352 JCS <br><br> COMPLAINT FOR COPYRIGHT INFRINGEMENT; DEMAND FOR JURY TRIAL |

1. This action arises under the Copyright Act, 17 U.S.C. § 101, *et seq*. This Court has jurisdiction under 28 U.S.C. § 1338(a).

2. East Stinson Inc. ("East Stinson") is a New York corporation, which does business as Toby Byron Multiprises, Inc.. Toby Byron is an individual.

3. Plaintiff previously sued Defendants Toby Byron and East Stinson, Inc. in *Gleason v. Byron,* USDC CD CA, Cv-93-2432 IH. In a stipulated final judgment, the Central District

1 retained continuing jurisdiction. Plaintiff's predecessor sued Toby Byron, East Stinson, Inc. and Toby Byron Multiprises, Inc. in *Gleason v. BMG Video,* USDC CD CA, Cv-95-8778 IH. In those prior proceedings the defendants were sued to redress infringement of various copyrights, including copyrights that are the subject of this lawsuit. In both said suits the defendants were permanently enjoined from infringing Plaintiff's copyrighted works, including works which are the subject of claims in this action.

4. Defendants Toby Byron, East Stinson, Inc. and Toby Byron Multiprises, Inc. (collectively "Byron Defendants") have created new videograms which are the subject of this action.

5. Defendant Euro Arts Music International GmbH, is a German corporation which maintains employees in the United States ("Euro Arts").

6. Naxos of America, Inc., a New Jersey corporation which sells videograms in California ("Naxos").

7. Plaintiff is the proprietor of the audiovisual works protected by Copyright Office registrations PAU 1 367 359, PAU 1 367 394, PAU 1 367 395 and PAU 1 455 579. The works contain wholly original material, copyrightable under the laws of the United States.

8. Within three years last past the Byron Defendants created a videogram entitled *The World According to John Coltrane*, which embodies footage from Plaintiff's copyrighted work PAU 1 367 359 without Plaintiff's permission, a videogram entitled *Count Basie: Swingin' the Blues* which embodies footage from Plaintiff's copyrighted work PAU 1 367 394 without Plaintiff's permission and a videogram entitled *Bluesland: A Portrait in American Music* which embodies footage from Plaintiff's copyrighted works PAU 1 367 395 and PAU 1 455 579 without Plaintiff's permission.

9. Within three years last past and under purported authorization from one or more of the Byron Defendants, the remaining defendants, Euro Arts and Naxos have distributed these three videograms throughout the United States, including within this judicial district,

without Plaintiff's permission.

10. At all times relevant times herein, Plaintiff resided within this judicial district and conducted all of its affairs from within the limits of said forum. By marketing and selling the infringing videograms inside California and to Californians, Defendants have expressly aimed conduct at California, which was likely to cause harm in California.

11. As a direct and proximate result of Defendants' actions Plaintiff has been damaged in an amount which exceeds $100,000.00.

WHEREFORE, Plaintiff demands:

1. That defendants, their agents, servants and all those acting in concert with them, be enjoined during the pendency of this action and permanently from infringing plaintiff's aforesaid copyrights in any manner, and from, copying, publishing, selling, marketing or otherwise disposing of any copies of any works embodying any portion of same;

2. General damages according to proof;

3. An accounting of defendants' profits;

4. Minimum statutory damages;

5. Exemplary statutory damages;

6. Reasonable attorneys' fees;

7. Such other relief as the Court may deem proper;

8. A trial by jury.

Dated: January 25, 2011

Respectfully submitted,

STEVEN AMES BROWN,
Attorney for Plaintiff